UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM C. SHAW,<br><br>                     Plaintiff,<br><br>   v.<br><br>ED HAY, et al.,<br><br>                    Defendants. | NO. 2:21-CV-0265-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiff's amended application to proceed *in forma pauperis* (ECF No. 5) and Complaint (ECF No. 1). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's amended application to proceed *in forma pauperis* (ECF No. 5) is **GRANTED** and the claims asserted in Plaintiff's Complaint (ECF No. 1) are **DISMISSED**.

//

ORDER DISMISSING COMPLAINT ~ 1

Upon review of the amended application, Plaintiff is granted *in forma pauperis* status.

## BACKGROUND

In 2008, Plaintiff pled guilty to one felony count of third degree assault and two gross misdemeanor counts of communication with a minor for immoral purposes. ECF No. 1-2 at 4.

On May 19, 2008, this Court dismissed without prejudice Plaintiff's petition for writ of habeas corpus for failure to show cause for failure to exhaust state court remedies and why his speedy trial claims could not be pursued in an ongoing state court proceeding. *See* 2:08-CV-0003-LRS, ECF No. 8.

On February 2, 2009, this Court dismissed Plaintiff's petition for writ of habeas corpus without prejudice for failure to exhaust state court remedies in the Washington Supreme Court. *See* 2:08-CV-0381-EFS, ECF No. 5.

On November 6, 2009, this Court dismissed Plaintiff's civil rights complaint without prejudice, finding the claims barred by *Heck v. Humphrey*. *See* 2:09-CV-0026-RHW, ECF No. 79. The Ninth Circuit affirmed. *See id.*, ECF No. 93.

On March 2, 2010, this Court dismissed Plaintiff's habeas claim as not yet ripe, due to Plaintiff's pending state court proceedings. *See* 2:09-CV-0174-LRS, ECF No. 30. Subsequently in 2010, Plaintiff's judgment and sentence became final. ECF No. 1-2 at 2.

ORDER DISMISSING COMPLAINT ~ 2

On January 1, 2011, this Court dismissed Plaintiff's second civil rights complaint with prejudice. *See* 2:11-CV-0021-LRS, ECF No. 6.

On April 9, 2021, the Washington State Court of Appeals dismissed Plaintiff's sixth personal restraint petition as untimely pursuant to RCW 10.73.090 because it was more than one year after the judgment and sentence became final (in 2010) and Plaintiff failed to demonstrate any exceptions applied. ECF No. 1-2 at 4-6. On May 6, 2021, the Washington Supreme Court denied Plaintiff's motion for discretionary review. ECF No. 1-2 at 2-3.

On August 27, 2021, Plaintiff filed the current complaint. ECF No. 1.

## LEGAL SUFFICIENCY REVIEW

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Although 28 U.S.C. §§ 1915 and 1915A reference "prisoners," the application of the statutes is not limited to prisoner suits. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001). Section 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

//

Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(A) the allegation of poverty is untrue; or (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A claim is legally frivolous under § 1915(e)(2)(B)(i) when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989*), superseded by statute*, 28 U.S.C. §1915(d), *as recognized in Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id*. "In making this determination, [the Court takes] as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal

conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotation marks and citation omitted).

As an initial matter, the Court takes judicial notice of Plaintiff's previous complaints and filings arising out of the same claims in this Court and in State Court.  *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (taking judicial notice of five prior cases in which the plaintiff was a *pro se* litigant).

Here, Plaintiff's complaint is time-barred.  Plaintiff acknowledges that his claims are barred: "Im requesting these [statute of limitations] be [sic] lifted since all time guidelines in my favor [sic] like 60 trial were all ignored by the court to start."  ECF No. 1 at 12.  It has been over ten years since Plaintiff's judgment and sentence became final.  ECF No. 1-2 at 4-6.  Plaintiff has asserted no exceptions under any applicable statute of limitations, and ten years is well past the time when Plaintiff knew or should have known of the injury that is the basis of the current action.  *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (discussing

ORDER DISMISSING COMPLAINT ~ 5

application of state and federal law regarding statute of limitations in section 1983 actions); 28 U.S.C. § 2244(d) (one-year state of limitations for habeas corpus petitions in federal court) RCW 4.16.080(2) (three-year limit for personal injury actions, including section 1983 actions).  Moreover, the Court finds the complaint barred by *Heck v. Humphrey* where Plaintiff's complaint calls into question the validity of his conviction but he has not alleged that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, nor was it called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Therefore, Plaintiff's complaint must be dismissed.

"A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  As the statute of limitations has long since passed, the deficiency cannot be cured by any amendment of the complaint.  Thus, leave to amend under these circumstances is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2006).

Title 28, United State Code § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in

ORDER DISMISSING COMPLAINT ~ 6

good faith." The good faith standard is satisfied when an individual "seek appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's amended application to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**.

2. Plaintiff's complaint (ECF No. 1) is **DISMISSED with prejudice**.

3. Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby certifies that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

4. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, and furnish copies to the parties, and **CLOSE** the file.

DATED October 20, 2021.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 7